NOT RECOMMENDED FOR PUBLICATION
File Name:  21a0402n.06

No. 20-6039

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

SHANE A. FOX,

     Defendant-Appellant.

)
)
)
)
)
)
)
)

┌─────────────────────────┐

**FILED**

Aug 25, 2021
DEBORAH S. HUNT, Clerk

└─────────────────────────┘

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE  WESTERN
DISTRICT OF MICHIGAN

Before:  BOGGS, CLAY, and WHITE, Circuit Judges.

BOGGS, Circuit Judge.  The dispositive question in this sentencing case is whether a Kentucky first-degree drug-trafficking conviction qualifies as a "serious drug felony" under the First Step Act, 21 U.S.C. § 841(b), resulting in a mandatory minimum sentence of 25 years.  For the reasons set forth below, we hold that it does and affirm the district court's imposition of a 300-month mandatory-minimum sentence.

**I**

In 2017, the Drug Enforcement Administration and the police department in Maysville, Kentucky, began investigating a drug-trafficking organization responsible for cooking and distributing crack cocaine in Mason County, Kentucky.  The investigation found that Shane Fox produced and supplied crack cocaine to mid-level dealers, often directing their distribution efforts. In September 2019, a federal grand jury returned a 24-count Superseding Indictment against Fox and eight others for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C.

Case No. 20-6039, *United States v. Fox*

§§ 841(a)(1) and 846.  Fox was charged with conspiracy to distribute 280 grams or more of cocaine

base (Count 1) and possession with intent to distribute cocaine base (Count 24).

The indictment alleged that Fox had two prior Kentucky convictions for trafficking in

cocaine.  Fox pled guilty to the indictment without a plea agreement and stipulated to the facts

alleged in the indictment.[1]  In his sentencing briefing, Fox conceded that his prior convictions were

for violating Kentucky's first-degree trafficking statute, KRS § 218A.1412.  For Count 1, the First

Step Act requires a mandatory minimum sentence of 25 years (300 months) for a violation that is

committed after two or more prior convictions for "a serious drug felony" have become final.

21 U.S.C. § 841(b)(1)(A).  For Count 24, the maximum term of imprisonment was 30 years, as his

violation was committed after a prior conviction for a "felony drug offense" had become final.

21 U.S.C. § 841(b)(1)(C).

The district court held that, under Count I, Fox's Kentucky convictions qualified as

"serious drug offenses" under the First Step Act and that, under Count 24, those convictions

qualified as "controlled substance offenses," making him a career offender under U.S.S.G.

§ 4B1.2(b) of the Guidelines.[2]  The district court sentenced Fox to 300-month terms (the statutory

minimum under the First Step Act) for Count 1 and for Count 24, to run concurrently with

supervised release for 10 years under Count 1 and 6 years under Count 24.  Because Fox was on

parole when he committed the instant offense, the district court recommended to the Kentucky

---

[1] Fox stated in his plea that he intended to argue at sentencing that his prior Kentucky convictions
should not qualify as "serious drug felonies" as a matter of law.

[2] Count 1, as a conspiracy count, is not a "controlled-substance offense" for career-offender
purposes under U.S.S.G. § 4B1.2(b).

Case No. 20-6039, *United States v. Fox*

parole commission that the sentence run consecutively to any undischarged term of state imprisonment that might arise as a result of any parole violations.[3]  Fox timely filed this appeal.

## II

Although the district judge also justified his sentence under the Sentencing Guidelines, the 300-month statutory mandatory minimum, if properly imposed, fully supports the sentence, so we only address that argument.[4]  The Controlled Substances Act ("CSA") makes it "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."  21 U.S.C. § 841(a).  Under the First Step Act, penalties under the CSA are increased so that any person who commits such a violation "after 2 or more prior convictions for a serious drug felony . . . have become final" is subject to a mandatory-minimum sentence of 25 years in prison.  21 U.S.C. § 841(b)(1)(A).  The First Step Act defines the term "serious drug felony" to mean a "serious drug offense" (as that term is defined by the Armed Career Criminal Act ("ACCA") at 18 U.S.C. § 924(e)(2)), and for which "the offender served a term of imprisonment of more than 12 months" and "the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense."  21 U.S.C. § 802(57).  Relevant here, the ACCA defines a "serious drug offense" to mean an "offense under State law, involving manufacturing, distributing or possessing with intent

---

[3] Since the definition of "serious drug offense" under the First Step Act is dispositive of this appeal, we do not address Fox's additional argument that his convictions under Count 24 do not qualify as "controlled substance offenses" for sentencing purposes under U.S.S.G. § 4B1.2.

[4] Fox argues that the district court had insufficient evidence to determine that he was previously convicted of a violation of KRS § 218A.1412 because the government failed to provide documentation showing as much.  But Fox's briefing below conceded that he was previously convicted under KRS § 218A.1412 [R. 220 PID 607 (sentencing-memorandum brief stating that "Fox submits that his convictions under KRS 218A.1412 do not qualify as 'serious drug felonies' or 'controlled substance offenses.'"); *see also id.* at PID 610-12**].**  Fox has thus waived this argument and we do not address it further.

Case No. 20-6039, *United States v. Fox*

to manufacture or distribute, a controlled substance (as defined in [21 U.S.C. § 802]) for which a maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924 (e)(2)(A)(ii).

We review "de novo whether a prior drug conviction is a 'serious drug offense' under the ACCA."  *United States v. Mayes*, 928 F.3d 502, 504 (6th Cir. 2019).  To determine whether a particular offense qualifies as a "serious drug offense," we apply the categorical approach, "look[ing] only to the statutory definitions—*i.e.*, the elements—of a defendant's prior offenses, and *not* to the particular facts underlying those convictions."  *Mayes*, 928 F.3d at 504 (internal quotation marks and citation omitted). The question is whether, "hypothetical[ly]," it is possible for "someone  [to] commit th[e] crime of conviction without" meeting the federal criteria for the enhancement. *Pereida v. Wilkinson*, 141 S. Ct. 754, 762 (2021).

Fox argues that Kentucky's first-degree trafficking statute covers more conduct than does a "serious drug offense" under the ACCA because Kentucky's trafficking statute punishes the act of "dispensing" a controlled substance and also targets the drug flunitrazepam,[5] neither of which elements are included in § 924(e)(2)(A).  Fox concedes that we have already held that the Kentucky offense of first-degree trafficking (KRS § 218A.1412) is "a serious drug offense" for purposes of the ACCA.  *See Mayes*, 928 F.3d at 505–06.  But he argues that *Mayes* did not address whether the statute's definition of "trafficking," which includes the word "dispense," punishes conduct broader than that encompassed under § 924(e)(2).

---

[5] Flunitrazepam is a central nervous system (CNS) depressant that produces sedative-hypnotic, anti-anxiety, and muscle relaxant effects.  The drug is commonly prescribed to treat insomnia, but it is not approved for medical use in the United States.  Flunitrazepam is used illegally in the commission of sexual assaults and is referred to as a "date rape" drug.

Case No. 20-6039, *United States v. Fox*

In *Mayes*, the defendant had five previous Kentucky convictions for trafficking cocaine that carried a maximum prison term of ten years, thereby qualifying as "serious drug offenses" under the ACCA. 928 F.3d at 504. By the time of his federal sentencing, the Kentucky legislature had reduced the maximum term of imprisonment for such offenses from ten years to five years. Mayes argued that his convictions no longer qualified as serious drug offenses. We held that the statutory reduction in imprisonment did not apply retroactively, and that Mayes was still subject to the federal penalty for persons with "serious drug offenses" under the ACCA. *Id*. at 506. But Mayes never contended that the elements of his underlying convictions did not qualify as serious drug offenses, so the *Mayes* court did not address whether the Kentucky statute was broader than the ACCA.

The ACCA defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924(e)(2)(A)(ii). The ACCA does not define "distribute," but incorporates the definition set forth in the CSA, in which the term "distribute" means "to deliver (other than by administering or dispensing) a controlled substance or a listed chemical."  21 U.S.C. § 802(11).

In Kentucky, a person is guilty of first-degree trafficking when he or she "knowingly and unlawfully traffics" in specified amounts of controlled substances. KRS § 218A.1412(1). The term "traffic" means "to manufacture, distribute, dispense, sell, transfer, or possess" a controlled substance. KRS § 218A.010(56). Fox argues that because Kentucky's definition of the term "traffic" includes the term "dispense," it is necessarily broader than § 924(e)(2)(A)(ii)'s reference

Case No. 20-6039, *United States v. Fox*

to "distributing" as defined by the CSA, where the definition expressly excludes "dispensing of a controlled substance."

But comparing the language and definitions found in both statutes supports the district court's holding that "trafficking" under the Kentucky statute is not broader than a "serious drug offense" under the ACCA.  Looking at the relevant language, in Kentucky the term "traffic" means to "distribute" or "dispense."   The terms "distribute" and "dispense" are both defined as "delivering" a controlled substance, the only difference between the two being that "distribute" encompasses delivery by unlawful means, while "dispense" is delivery "pursuant to the lawful order of a practitioner" (i.e., doctor, pharmacist). KRS § 218A.010(11). First-degree trafficking prohibits "unlawful" distribution or dispensing.  So, dispensing is defined as a lawful delivery, and the statute only prohibits the act of dispensing if it is done unlawfully.  The statute in effect bans the unlawful delivery of a controlled substance, by whatever means.

The ACCA likewise defines "serious drug offense" as involving an offense under state law, involving the "distributing" of a controlled substance.  18 U.S.C. § 924(e)(2)(A)(ii).  The term "distribute" means "to deliver (other than by administering or dispensing)" a controlled substance. 21 U.S.C. § 802(11).  The term "dispense" means to "deliver a controlled substance to an ultimate user . . . pursuant to a lawful order of a practitioner."  21 U.S.C. § 802(10). The term "deliver" means  the "actual, constructive, or attempted transfer of a controlled substance."  21 U.S.C. § 802(8).

"Dispensing" is defined in both the federal and state statutes as the lawful delivery of a controlled substance by a practitioner in the course of professional practice or research.  *See* 21 U.S.C. § 802(21); KRS § 218A.010(21).  Thus, Kentucky and the CSA both allow practitioners

Case No. 20-6039, *United States v. Fox*

to lawfully dispense controlled substances.  Kentucky only punishes the unlawful dispensing of a controlled substance, and does not criminalize the lawful dispensation of a controlled substance; therefore, KRS § 218A.1412(1) is not broader than the definition of a "serious drug offense" because the word "distributing" in § 924(e)(2)(A)(ii) only prohibits unlawful delivery and does not prohibit dispensing, which is lawful delivery.  As a result, 18 U.S.C. § 924(e)(2)(A)(ii) and Kentucky first-degree trafficking cover the same activity: unlawful delivery.  Although the terms used are not identical, the practical effect of those terms, based on statutory definitions, is the same: prohibiting unlawful delivery of controlled substances.  The Kentucky statute is not broader than § 924(e)(2)(A)(ii)'s reference to "distributing."

Fox also argues that the Kentucky trafficking statute, KRS § 218A.1412, is too broad because it criminalizes activity involving flunitrazepam, a schedule IV controlled substance, and flunitrazepam does not fall into any of the categories of drugs listed in the definition of "felony drug offense" in the CSA, 21 U.S.C. § 802(44).  But the definition of "felony drug offense" is not applicable to the "serious drug felony"  mandatory minimum under § 841(b)(1)(A).  See *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 1237 (2020).  Rather, as noted, our question is whether the prior offense was a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A)(ii).  Section 924(e)(2)(A)(ii) instructs us to look to 21 U.S.C. § 802(6) to determine what constitutes a "controlled substance."   That provision specifically defines a "controlled substance" to mean "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V . . . ." 21 U.S.C. § 802(6).  Flunitrazepam, a schedule IV controlled substance, 21 C.F.R. § 1308.14(c)(24), is thus covered by the plain language of the statute.

Ultimately, Kentucky's first-degree drug-trafficking qualifies as a "serious drug felony" under the First Step Act.  Given Fox's two prior convictions under KRS § 218A.1412(1), the

Case No. 20-6039, *United States v. Fox*

district court did not err in imposing the statutory minimum sentence of 300 months in prison pursuant to 21 U.S.C. § 841(b)(1)(A).

### III

While our determination that Fox had two prior convictions for "serious drug felonies" obviates the need to address Fox's other Guidelines-related arguments, he raises one other issue we must address. The district court's sentencing order recommended that any undischarged term of imprisonment run consecutively to his federal sentence. At sentencing in this case, Fox had been released from state prison and had no further sentence to serve, unless he violated parole. Fox argues on appeal that since the state had not charged him with a parole violation, there was no undischarged term of imprisonment, and that the district court erred in "ordering" his federal sentence to run consecutively to a non-existent sentence. He cites no authority to support this position. A district court's decision to impose a consecutive or concurrent sentence is reviewed for abuse of discretion. *Setser v. United States*, 566 U.S. 231, 244–45 (2012).

There was no abuse of discretion. District courts have discretion to impose sentences that run consecutively or concurrently to any "undischarged term of imprisonment" pursuant to 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3(d); *United States v. Burton*, 802 F. App'x 896, 908–09 (6th Cir.), *cert. denied*, 140 S. Ct. 2839 (2020). Section 5G1.3(d) of the Guidelines states that, where the undischarged sentence results from a state parole violation, "the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for revocation." *See* U.S.S.G. § 5G1.3(d) & cmt. n.4(C); *Setser,* 566 U.S. at 244-45 (noting that it was "within the District Court's discretion to order that Setser's sentence run consecutively to his anticipated state sentence in the probation revocation proceeding"); *United States v. Moore*, 512

Case No. 20-6039, *United States v. Fox*

F. App'x 590, 592-94 (6th Cir. 2013).   And in any event, the court here issued no order mandating

a consecutive sentence; it only made a nonbinding recommendation.  Fox fails to show any error.

For the reasons set forth above, the district court's judgment is AFFIRMED.